Original Exhibit

United States District Court
District of Rhode Island

Vincent P. Murray ✓ **CA 07 464**

David Floiro R.I. Probation Dept.
George Lang R.I. Probation Dept.
Kevin Dunphy R.I. Interstate Compact Dept.

Civil Rights Complaint

Now comes petitioner Vincent P. Murray and files this complaint under 42 USC Section 1983 against the above named defendants David Floiro, George Lang and Kevin Dunphy State Actors under color of Law, by Violating 18 USC § 241-242 Conspiracy against Rights and 18 USC § 1343 Interstate Wire Fraud to slander.

For monetary damages resulting from (1.) false arrest, (2) illegal incarceration, and (3) malicious prosecution from their illegal acts in conspiracy to commit fraud upon the Court by securing a fraudulent illegal invalid unsigned arrest warrant in violation of 18 USC. § 371 Conspiracy consistent with 28 USC. 1331 Federal Question Jurisdict-
-ion

* Exhibit # 2

to defraud the United States causing petitioners false arrest, illegal incarceration and malicious prosecution.

The fraudulent invalid unsigned arrest warrant Exhibit #1 Enclosed was the result of Kevin Duphys solicitation of a fraudulent Interstate Compact Transfer Request on 12/23/05 from a New York Interstate Compact designee, "135" days after George Lang of the R.I. Probation Dept. submitted the actual Interstate Compact Transfer Request, Exhibit # 3 Enclosed on 7/19/05

George Lang, RI Probation Officer knowing that the 12/23/05 Transfer Request was a fraud, used it to secure the April 3, 2006 fraudulent invalid unsigned arrest warrant in violation of 18 USC § 1001 False Statement Statute that the R.I. Attorney General used to adjudge me a violator of my probation.

The fraudulent Interstate Compact Transfer Form and George Langs fraudulent 2/16/06 Probation Report, Exhibit # 4

Enclosed were used by the R.I. Attorney General stating I left the State of R.I. without permission and that New York State denied my residency. Both statements are documented to be false, and George Lang was aware that they were false as he made out an signed all of the necessary papers to effecuate the Transfer of Probation Supervision consistant with the Interstate Compact Clause of Article 1, § 10 of the U.S. Constitution and RI Gen Law 42-56-38 and 42-56-10 and the R.I. Interstate Compact for Adult Offender Supervision 13-9.1-1

In Guest v U.S. 16 L Ed 2nd 239 The US Supreme Court ruled; In addressing 18 USC. 241 + 242 Conspiracy against Right to Travel from State to State being a basic Right under the U.S. Constitution stated in part. If "2" or more persons conspire to injur, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured by him by the Constitution or laws of the U.S. or because of his having

exercised same stated under 18 USC §§ 241 and 242 it is a criminal offense to act wilfully and under color of Law to deprive a person of Rights protected by the Constitution or Laws of the U.S. The Right to Due Process is enforced under 18 USC § 242 as ruled by the U.S. Supreme Court.

In Shapiro v Thompson 22 LEd 2d 600 The U.S. Supreme Court ruled; expressing the view of "6" members of the Court, it was held; absent compelling state Interest the Connecticut and Pennsylvania Statutory provisions violated the Equal Protection Clause of the 14th Amendment by imposing a classification on welfare applications that imprings on the Constitutional Right to travel from State to State.

In Dunn v Blumstein 31 LEd 2d 274 the U.S. Supreme Court ruled; Freedom to travel throughout the U.S. include freedom to enter and abide in any state in the Union, is a basic Right of the U.S. Constitution

Since the right to travel, is a constitutionally protected Right, any classification which serves to penalize the exercise of that Right, unless shown to be necessary to promote compelling government interest, is unconstitutional.

"There could not be a compelling State Interest, as I was forced to sleep on the floor for the first "4" weeks that I was housed in the Intake Center of the ACI, due to what was overcrowding"

After being removed from my home in New Lebanon, N.Y. without probable cause, after being denid a right to show evidence at the time of the arrest and my due process right to a hearing to determine if in fact that I had denied my probation, I was incarcerated.

In Morrissey v Brewer 33 L Ed 2d 484 The Court ruled; Before a determination or finding as whether to revoke a petitioner Parole can be made, fundamental justice and fairness would afford the parolee a reasonable opportunity to explain away the

the accusation of a Violation. The parolee is entitled to conditional liberty that can only be forfeited by reason of breach of conditions of grant. After being denied a hearing I was held without bail for 24 day until I was transported back to R.I. (180 miles) and illegally incarcerated without bail for another "160" days totallying "184" days without bail Exhibit #5 (a)(b) Enclosed or without a preliminary hearing to determine if in fack that I had violated my probation.

In Gagnon v Scarpelli 36 LEd 2nd 656, The U.S. Supreme Court ruled; On Certiorari, it was held expressing the unanimous view of the Court, that the petitioner was entitled to both a preliminary hearing to determine whether there was probable cause to believe that he had violated his probation and a final hearing prior to the ultimate decision whether his probation should be revoked, and (2) expressing the view of 8 members of the Court, Such hearings are required even where a probationer has been allowed to leave the State which he has been convicted

During the six months incarceration spent in R.I. ACI I was transported to South County Court house "14" times without a hearing thereby violating R.I. statute 12-19-9 as ruled by the R.I. Supreme Court in State v Lawrence. and

In Morrissey v Brewer 33 LEd 2d 484
Boddie v Conn 28 LEd 2d 113
Goldberg v Kelly 25 LEd 2d 287
Gagnon v Scarpelli 36 LEd 2d 656 have all ruled: In the words of Due Process Clause, at a minimum, require that the deprivation of life liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.

In Morrissey the Court ruled: The parolee is entitled to a conditioned liberty and possessed of a right that can be forfeited only by reason of a breach of the conditions of the grant, and the reasonableness of the action in fact finding.
Procedural Due Process requires the following. If a violation of a condition of a parole is involved, rather than a commission of a new offense, there should not be an

arrest of the parolee and his return to the prison or to a local jail. Rather notice of the alleged violation should be given to the parolee and time set for a hearing.

Instead of a hearing I was removed from my home in New Lebanon, NY. without probable cause, without any warning without any hearing and held in custody until R.I. faxed an illegal invalid unsigned arrest warrant, after which I was incarcerated for 16 days until I was presented to the Columbia County Court in Hudson NY. at an Extradition hearing where the Judge refused to address probable cause and the material fact that I had in my posession, documenting my legal right to Transfer my probation supervision back to my home in New York State where I was a resident home owner for over 30 years and a licensed Truck Dealer.

Due to the fact that my 28 USC § 2254 writ of Habeas Corpus is still pending in the U.S. Supreme Court which attacks my conviction and sentence after serving my

full 6 year sentence and 5½ years of my probation time before "3" state agencys conspired to defraud the Court through a scheme to violate my probation and destroy me financially for the second time in "10" years in which time I have lost "2" homes foreclosed business property and 25 years of inventory reduced to a liability instead of an asset. Exhibit # 6 Enclosed.

And to further cause harm Social Security was notified of the fraudulent unsigned warrant Exhibit # 7 Enclosed Violating 18 USC. 552 a(6) Privacy Act 2004 Edition at wich time Social Security stopped my Old Age Benefits including Medicare and Medicaid notwithstanding the fact that I had contributed into the fund for "45" years

As a result of the invalid warrant I was removed from home in New Lebanon, N.Y. without any warning, without any charges, without a hearing and incarcerated in Columbia County Jail. This is similar to what the SS Troops did during the Nazi Regime Prior to W.W. 2 to the Jews.

Without having committed a crime or violated any laws they were dispossessed of their family, friends, neighbor, homes, lifes keepsakes and other valuables, and placed in concentration camps and compelled to labor and forced to endure cruel and inhuman punishment until being freed by the Rights under the U.S. Constitution. The Right to declare war on inhuman treatment, which violates the Eighth Amendment.

In my particular case, I was not allowed to return to my home after I went to the New York State Police Barracks to inquire about the warrant that Social Security claimed was issued for my arrest.

At that time 8 AM on Nov. 13, 2006 there was no outstanding arrest issued on record. After many phone calls between the N.Y. state police and R.I. Probation Dept., a fraudulent invalid, unsigned warrant was issued by fax at 12:37 P.M

After a brief stop at the New Lebanon, N.Y. Courthouse for Trooper Maggs to file an erroneous

Complaint of being a Fugitive from Justice, which was never prosecuted. I was then transported to the Columbia County Jail in Hudson, N.Y. for "24" days before being to and incarcerated for another "160" days in the Intake Center of Rhode Islands A.C.I. without a hearing to determine probable Cause.

The fact that I was a resident of the State of New York for over "30" years and New York State Law Section 349 classified me as a resident, and the fact that my Probation Supervision was Court approved by both New York and Rhode Island New York State had jurisdiction to rule on the invalid unsigned warrant.

In Marbury v Madison 5 U.S. 137 (1803) The U.S. Supreme Court ruled: This is a country of Law not of man.

In Williams v Taylor 146 L Ed 2d 389 (2007) In an opinion by Sandra Day O'Connor stated: We have always ruled even on Habeas, Judges have an obligation under Article 3 of the U.S. Constitution to say what the

9(b) Law is.

Upon being returned to R.I. on Dec. 7, 2006 I was held without bail in violation of R.I. Statute 12-19-9 as I had already been held 26 days without bail waiting for a preliminary hearing to determine probable cause, which was never determined by the Court because Judge Nugent of the Washington County Court refused to acknowledge the Court Order Transfer Exhibit # 8 Enclosed and the Dept. of Correction Transfer of Probation Supervision consistent with R.I. Gen Law 42-56-10 and 42-56-38 Exhibit # 9 Enclosed, and the "3" page letter to the High Sheriff of Columbia County verifying my change of address Exhibit # 10 Enclosed.

After "14" trips to the Washington County Courthouse in Wakefield, R.I. over a period of "6" months Judge Nugent failed to conduct a preliminary hearing or Rule on my Motion to Dismiss Exhibit # 10a Enclosed for failure to comply with R.I. Statute 12-19-9 and US Supreme Court rule in Morrissey v Brewer 33 L.Ed 2nd 484 that require a prompt hearing prior to incarceration.

(10) Judge Nugent refused to acknowledge

the Transfer Request of Probation supervision that George Lang of the Probation Dept submitted to New York

Judge Nugent failed to acknowledge and comply with Article 1, § 10 of the US Constitutions Interstate Compact Clause of the Right to Transfer Probation Supervision

Judge Nugent failed to comply with my Motion for free Transcripts filed on Jan. 3 2007 and again in 2007. which he O.K.d but never delivered.

Judge Nugent failed to Dismiss the invalid unsigned Arrest warrant that was secured by conspiracy and Interstate Wire Fraud and George Langs fraudulent Probation Report Which Violated 18 USC § 1001 False Statement Statute, 18 USC. § 241 + 242 Conspiracy and 18 USC 1343 Interstate wire Fraud all subject prison terms.

In Spano v New York 3 LEd 2d 1265 Justice Douglas writing for the Court stated; There is a deep rooted feeling that the police must obey the Law while enforcing the Law; that in the end life and liberty

can be much endangered from the illegal methods used to convict those thought to be criminals as from the actual criminals themselves.

Judge Nugent had an obligation to rule accordingly, and rule on the facts, instead, Judge Nugent ignored the facts and ignored State and Federal Law.

And according to Law, State & Federal as the Interstate Compact was approved by the U.S. Congress and the R.I. Legislatures that is the way the probation-revocation-sentencing hearing should have ended as both State agencys, the Probation Dept and the Interstate Compact Dept headed by David Floiro and Kevin Dunphy respectively are guilty of the conspiracy to do harm. Which resulted in my being falsely arrested with an invalid unsigned fraudulent arrest warrant and illegally incarcerated and maliciously prosecuted.

Judge Nugent maliciously, vindictively, arbitrairly and capriciously sentenced me to 9 years on an illegal suspended sentence that he was informed it was illegal

before he pronounced the sentence as it was and still is pending in the United States Supreme Court and he was told On Dec. 8, 2006 and on that it was still on appeal in the U.S. Court of Appeals for the Second Circuit Exhibit #11 Enclosed. Judge Nugent also received a copy of the pending appeal prior to sentencing.

After "14" trips to the Washington County Court house in Wakefield R.I. over a period of "184" days Judge Nugent failed to conduct a preliminary hearing consistent with U.S. Supreme Court Rule in Morrissey v Brewer 33 LEd 2d 484 and Gagnon v Scarpelli 36 LEd 2d 656 Goldberg v Kelly 25 LEd 2d 287, Boddie v Connecticut 28 LEd 2d.

In Franks v Delaware 57 LEd 2d 667 the U.S. Supreme Court ruled: where a defendant made a substantial preliminary showing that a false statement knowingly and intentionally or with reckless disregard for the truth by an affiant in his request for a warrant, if the alleged false statement was necessary to finding

of probable cause, the Fourth Amendment required a hearing to be held at the defendants request.

At the time of my arrest on Nov. 13, 2006 in the New York State Police Barracks in New Lebanon, NY. I vehemently challenged the validity of the unsigned arrest warrant before it was faxed in from Rhode Island, at my request. Due to the fact that Social Security had stopped my Old Age Benefits including Medicare & Medicaid which they claimed was due to an outstanding arrest warrant.

Wherefore without a hearing consistent with Morrissey, Scarpelli, Beddie, and Franks v. Delaware over the entire 184 days of illegal incarceration until the May 15, 2007 sentencing there was no probable cause for my arrest or the illegal sentence, that was produced by fraud and conspiracy in violation of Federal Statutes 18 USC 241 and 242 Conspiracy, 18 USC 1001 False Statement Statute and 18 USC 1343 Interstate wire Fraud, 18 USC § 1621, 22 Perjury

In Spano v New York 3 L Ed 2nd 1265 The US Supreme Court ruled: There is a deep rooted feeling that the police must obey the Law while enforcing the Law; that in the end life and liberty can be much endangered from the illegal methods used convict those thought to be criminals as from the actual criminals themselves

The actual criminals are David Floiro of the R.I. Probation Dept and Kevin Dunphy of the R.I. Interstate Compact Dept. who violated Federal Law in a wilfull attempt to do harm.

Judge Nugent totally ignored Law and Fact in failing to address George Langs fraudulent Feb. 16, 2006 Probation Report that falsely stated I left the State of RI. without permission supra Exhibit #4 and Kevin Dunphys perjuring himself under Oath on the stand when he stated under questioning, that the fraudulent unsigned 12/23/05 Transfer Request Supra Exhibit #2 that he solicited "135" days after the Actual Transfer Request was filed on July 19 2005 and the Court issued a Court Order Transfer on August 10, 2005 was the answer to the July 19 2005 Request for

Transfer.

Judge Nugent failed to Rule on petitioners Feb. 4, 2007 Motion to dismiss the fraudulent illegal unsigned arrest warrant filed with the Court for lack of Jurisdiction. Judge Nugent failed to comply with R.I. Statute 12-19-9 and conduct a hearing within "10" days as ruled by the R.I. Supreme Court in State v Lawrence v ~~State~~ 658 $A^{2d}$ 890 and Morrissey v Brewer 33 $LEd^{2d}$ 484, Goldberg v Kelley 25 $LEd^{2d}$ 287, Boddie v Conn 28 $LEd^{2d}$ 113 Judge Nugent acknowledged the Motion to Dismiss in succeeding Court sessions Exhibit # 12 Enclosed

Wherefore, considering the fact that the arrest warrant was secured by fraud perpetrated on the Court by the Dept heads of "2" State Agencys, acting under Color of Law and the Courts Jurisdiction under 28 USC 1331 David Floino of the R.I. Probation Dept. and Kevin Dunphy of the R.I. Interstate Compact Dept. respectively had conspired to violate 18 USC. 1343 Interstate Wire Fraud.

I respectfully request that this Court consider

the damages involved in the violent disruption of my life when I was dispossessed of my life liberty and property when I was forced to abandon my home and incarcerated without probable Cause for "184" days without bail or a preliminary hearing to determine if in fact that I had violated my probation.

Wherefore I pray that this Court will consider the extended loss of liberty and property damages in adjudging Compensatory, Punitive damages and attorney fees to pursue this action through the Courts

Respectfully Submitted
Vincent P. Murray Pro Se
Vincent P. MURRAY
Med.-1- Id 103847
P.O. Box 8274
Cranston, RI 02920