Exhibit #1

## State of Rhode Island and Providence Plantations

**Case ID:** W2-1995-0401A
**Warrant ID:** SC034516    SUPERIOR COURT FELONY WARRANT
**Location:** PROVIDENCE COUNTY
**Court:** SUPERIOR COURT
**Police Dept:** RHODE ISLAND STATE POLICE DETECTIVES

**Defendant Name:** VINCENT P MURRAY
**BCI#:** 09508696    **Date of Birth:** 05-NOV-1922
**Address:** 422 ARMISTICE BLVD
PAWTUCKET    RI    02860

**Reason for Warrant:** VIOLATION OF PROBATION 32F
**Lead Charge:** 2ND DEGREE CHILD MOLESTATION
**Bond Text:**

Erroneous charge underlying charge cannot be used - already served 6 yrs

To any authorized officer:
You are hereby commanded to arrest said defendant(Alias, John/Jane Doe) and to present him/her before the above court to answer there to or commit him/her to the Adult Correctional Institutions until recognizance is given with/without surety as stated herein.

unsigned - illegal

| **Issuing Judge** | **Produced Date** | X |
|---|---|---|
| RUBINE, JUDGE | 03-APR-2006 | **Clerk** |

**DISPOSITION**

Date    _ Defendant presented to said court
/ /    _ SUPERIOR COURT FELONY WARRANT Withdrawn

Court order:

SC034516    X
Signature

State of Rhode Island and Providence Plantations

Providence County

Exhibit # 2

State of Rhode Island vs Vincent P Murray

Case No: W2-1995-0401A

JUDGMENT OF CONVICTION AND COMMITMENT

No attorney

Par. 1 On the date(s) below came the attorney for the State and the defendant, who appeared in person and by counsel, before the justice of the Superior Court named below.

Par 2 Prosecutor: Melissa Larsen
Defense Attorney(s): Vincent P Murray = Pro Se = No Attorney

Par 3 **IT IS ADJUDGED** that the defendant, having entered a plea or having been found guilty as charged of the offense(s): = Not Charged of any offense

No counts, No Charges, No Crime "

Par 4 Count 1: 2nd Degree Child Molestation, Defendant Is A Violator Of A Previously Imposed Sentence, Sentenced By Judge Nugent, 15-May-2007

Violation Of Susp Sent = Fraudulent Charge of leaving State without Permission
Term To Serve 9 Years
Credit For Time Served

Par-5 and the Court, having asked the defendant whether he/she has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

**IT IS ADJUDGED** that the defendant is guilty as charged and convicted. Not Charged

**IT IS ADJUDGED** that the defendant is hereby committed to the custody of the warden of the Adult Correctional Institutions for the period stated above.

No Trial = **IF CONVICTED AFTER TRIAL,** the defendant has been advised of his/her right to appeal within twenty (20) days to the Supreme Court and of his/her right, if unable to pay the cost of an appeal, to apply for leave to be represented on appeal by the public defender or to appeal in forma pauperis.

**IT IS ORDERED** that the Clerk deliver a certified copy of this judgment to the proper authority of the Adult Correctional Institutions and that the copy serve as the commitment of the defendant.

TRUE COPY ATTEST

Linda Pucuolla [signature]
Deputy Clerk

[signature]
Justice, Superior Court

Date

5-17-07

Journal

Correction of Judgement of Conviction

Paragraph 1. Defendant appeared Pro. Se. without counsel "Statement is blatenly deceiving."

Paragraph 2. Defense Attorney = Vincent P. Murray = "is another false statement"

Paragraph 3. Entered a plea of Not Guilty. Not charged with a crime or an offense. "Another deceiving statement"

Paragraph 4. Count 1: There were no counts. 2nd degree Child Molestation charge was imposed by Judge Judith Savage on Dec 13, 1996 and defendant served 2 concurrent 6 year previously imposed illegal sentences. Served 5 years 16 months o- suspended sentence

Paragraph 5. For the Court to say that I had nothing to say why judgment should not be pronounced and no sufficient cause to the contrary being shown to the Court. "was an absolute lie." I took the stand and spent over "1" hour quoting fact and producing documentory evid to prove that my Transfer of Probation was legal in every respect, with Court Document Dept of Correction documents, Law Enforce documents, R.I. Probation documents and

//

(2)

Judge Nugent ignored them. Just as he had ignored ruling on the Motion to Dismiss and the Motion to Move the Motion to Correct the illegal Sentence out of his jurisdiction.

After failing to rule on the Illegal Arrest warrant and failing to hold a preliminary hearing to determine if in fact that I had violated my probation he failed to have jurisdiction when he illegally sentenced me to 9 years in prison.

Judge Nugents failure to hold a hold a hearing within 10 days consistent with R.I. Statute 12-19-9 as ruled by the R.I. Supreme Court in State v Lawrence — — required dismissing the illegal fraudulent unsigned arrest warrant

[ In Morrissey v Brewer the U.S. Supreme Court stated: "2" months is not unreasonable, which makes "184" days without a hearing or over "6" months a violation of due process. Wherefore Judge Nugent failed to have Jurisdiction to Violate my probation.

A Constitutional Right to Transfer Probation Supervision consistent with the Interstate Compact Clause of Article 1, § 10 of the U.S. Constitution.

UNITED STATES DISTRICT COURT
FOQR THE DISTRICT OF RHODE ISLAND Exhibit # 3

CA 99 176 M

VINCENT P. MURRAY

V

GEORGE VOSE
DIRECTOR DEPT. OF CORRECTIONS

NO.97-313CA
W2/95- 0401A

MOTION TO APPOINT COUNSEL

The petitioner appellant VINCENT P. MURRAY, Pro Se hereby moves this Honorable Court to appoint counsel on his behalf to prepare Briefs, Motions and to argue his motions. In support of this motion the Petitiioner Appellant states the following as well as submits the accompanying Memorandum in support of his motion for appointment of Counsel.

1. Petitioner moves this Honorable Court to appoint for assistance in Section 2254 petition for writ of habeas corpus.

2. The petitioner is presently incarcerated at the Adult Correctiona Institute in Cranston, Rhode Island,and has been since Oct.29,1996.

3. The petitioner is unable to afford his own counsel.

4. The petitioner is unable to represent himself in this matter before the Court.

5. The petitioner is not trained in Law,and must rely upon untrained prison Law clerks to assist him.

Denied. Petitioner is able to present his arguments and has done so in a 38 page filing. Robert W Lovegreen USMJ 4/28/99

RECEIVED
Mary M. Lisi, US District Judge
Refer to: [signature]
Date: 4/15

6

6. The petitioner does not have the knowledge and ability to prepare documents to this Court and to litigate his Constitutional claims.

7. The petitioner stated his inability to represent himself before Judge Savage when she disqualified my trial attorney Joseph Scott for actual conflict of interest and told me I could represent myself on the motion for anew trial that was before the Court. Tr.4(Enclosed)

8. Petitioner has raised as the basis for relief in his petition factual collorable constitutional claims that are documented.

9. In my motion to appoint counsel (enclosed) and in my appearance before Judge Krause and Judge Pfeiffer in Superior Court I stated the fact that Att.Robert Mann and Att.Paula Hardiman both failed to file a brief pointing out the strongest issues (arguments) before withdrawing from counsel in accordance with Anders v Calif.

10 As the record indicates the petitioners conviction is the result of complete denial of counsel at both the Superior and Supreme Court stages of my trial.A denial of my 6th Amend.Right to Counsel.Gideon v Wainwright 9 Led2d.

11. The ends of justice would be bestserved by the appointment of counsel in this motion.

Respectfully Submitted,

VINCENT P. MURRAY/PRO-SE
Medium Security
P.O.Box 8274
Cranston, R.I.02920

Dated: 3/31/99

STATE OF RHODE ISLAND
PROVIDENCE, S.C.

SUPERIOR COURT

7/21/98
Exhibit # 4

STATE OF RHODE ISLAND

VS

Vincent P. Murray

CA.No: 97313

PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

Now comes the petitioner in the above entitled action to appoint counsel, to assist him in his appeal before the Supreme Court. This motion is pursuent to R.I.G.L.10-9.1-5. The reason for this motion are as follows.

(1). The petitioner is a pro se litigent with an ongoing Appeal before the Supreme Court.

(2) The petitioner requires and needs the assistance of counsel in this matter to assure his presentation conforms to the rules and regulations of the Court. And present the best possible defense.

(3). The petitioner is unable to afford counsel at his expense.

(4). The ends of justice would best be served by the appointment of counsel.

For the reasons stated above, the petitioner prays that this, Honorable Court appoint him counsel and that said counsel be available to him at all and any future proceedings which may occur in the instant future.

Respectfully Submitted

Vincent P. Murray

Vincent P. Murray, Pro Se
P.O. Box 8274
Cranston, R. I. 02920

CERTIFICATION

I hereby certify that on this 21 day of July, 1998 I caused a true copt of the within Motion to be mailed postage prepaid to the Office of the Attorney General, 150 South Main Street Providence, R.I. 02903

Vincent P. Murray